**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **JUAN CORTES-MEZA,**<br>**Movant,** | **CRIMINAL NO.**<br>**1:08-CR-55-4-RWS-GGB** |
| **v.** | **CIVIL ACTION NO.**<br>**1:11-CV-02627-RWS-GGB** |
| **UNITED STATES OF AMERICA,**<br>**Respondent.** | **MOTION TO VACATE**<br>**28 U.S.C. § 2255** |

**FINAL REPORT AND RECOMMENDATION**

Juan Cortes-Meza ("Movant") has filed a motion to vacate his sentence under 28 U.S.C. § 2255 (Doc. 404). Movant challenges the constitutionality of his 200-month sentence that was imposed on April 28, 2010, following his guilty plea on July 30, 2009. (Doc. 254). Presently before the Court for consideration are: (1) Movant's § 2255 motion to vacate (Doc. 404); (2) the United States of America's (hereinafter "Government") response to Movant's motion to vacate (Doc. 409); (3) Movant's reply to the Government's response (Doc. 412); and (4) Movant's Motion to Alter or Amend Judgment or Motion to Vacate Sentence § 2255 (Doc. 427).

**I. FACTS**

Movant was charged in a third superseding indictment with conspiracy to engage in sex trafficking; two counts of sex trafficking of minors; four counts of importation of

women into the United States from Mexico for purposes of prostitution; two counts of transporting a minor for purposes of prostitution; and three counts of alien smuggling. (Doc. 110). Movant pleaded guilty under a conditional plea agreement to Count Four, sex trafficking of a child in violation of 18 U.S.C. Section 1591(a) and to Count Nine, importation of an alien for immoral purposes in violation of 8 U.S.C. Section 1328. (Doc. 207). Under the plea agreement, Movant waived his right to directly appeal his sentence except under limited circumstances and waived his right to collaterally attack his sentence. (Doc. 207-1 at 12).

On April 28, 2010, the Court sentenced Movant to a term of 200 months' imprisonment to be followed by three years' supervised release and ordered Movant to pay a $200 special assessment as well as restitution in the amount of $57,600. (Doc. 254). After sentencing, Movant filed a direct appeal with the United States Court of Appeals for the Eleventh Circuit, raising three issues: (1) that the above-guidelines sentence constituted an upward departure rather than a variance and the district court had erred by not providing notice; (2) that the district court's application of U.S.S.G. §§ 2G1.1(c)(1) and 2A3.1(b)(1) constituted impermissible double-counting; and (3) that his sentence of 200 months was substantively unreasonable. (Docs. 244, 362). On March 4, 2011, the Eleventh Circuit affirmed Movant's sentence and dismissed his appeal with respect to issue two, finding that the sentence-appeal waiver unambiguously

AO 72A
(Rev.8/82)

prohibited appeal of the guidelines calculations. (Doc. 362). On June 17, 2011, the Supreme Court denied Movant's petition for writ of certiorari. (Doc. 400).

On August 8, 2011, Movant filed a § 2255 petition with this Court, arguing that his counsel was ineffective, in that counsel (1) failed to object to the increased sentence/upward variance and (2) failed to investigate witnesses. (Doc. 404). The government filed its response on October 19, 2011. (Doc. 409).

On July 11, 2012, Movant filed a "Motion to Alter or Amend Judgment or Motion to Vacate Sentence § 2255" (Doc. 427). In this Motion, Movant raises another issue of ineffective assistance of counsel. He contends that his attorney failed to present him with an earlier plea offer from the Government, which he would have accepted and which would have resulted in a much lower sentence. (Doc. 427).

## II. DISCUSSION

### A. The waiver in Movant's plea agreement requires that this § 2255 motion be dismissed.

A defendant who enters into a plea agreement may waive his right to appeal or collaterally challenge his sentence, and the waiver will be enforced if it is made knowingly and voluntarily. *See United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001); *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993). "One of the keys to enforcing a sentence appeal waiver is that the defendant knew he had a 'right to appeal

his sentence and that he was giving up that right.'" *Bushert*, 997 F.2d at 1350 (quoting *United States v. Rutan*, 956 F.2d 827, 830 (8th Cir. 1992)). In order to prevail in an argument to enforce a waiver, the Government must show that either "(1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 [plea] colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *Bushert*, 997 F.2d at 1351.

The plea agreement signed by Movant stated that he could not collaterally attack his sentence:

> Limited Waiver of Appeal. To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence, **and the right to collaterally attack his sentence, in any post-conviction proceeding, (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground,** except that the defendant may file a direct appeal (i) of an upward departure or a variance from the otherwise applicable sentencing guideline range, or (ii) if the Court finds an enhancement based on role in the offense pursuant to U.S.S.G. § 3B1.1. The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government initiates a direct appeal of the sentence imposed, the Defendant may file a cross-appeal of that same sentence.

(Doc. 207-1 at 12) (emphasis added). The plea agreement also contained the following certification signed by Movant:

> I have read the Indictment against me and have discussed it with my attorney. I understand the charges and the elements of each charge that the

4

AO 72A
(Rev.8/82)

Government would have to prove to convict me at a trial. I have read the foregoing Plea Agreement and have carefully reviewed every part of it with my attorney. I understand the terms and conditions contained in the Plea Agreement, and I voluntarily agree to them. **I also have discussed with my attorney the rights I may have to appeal or challenge my sentence, and I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my sentence or challenging my sentence in any postconviction proceeding.** No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement. The discussions between my attorney and the Government toward reaching a negotiated plea in this case took place with my permission. I am fully satisfied with the representation provided to me by my attorney in this case.

(Doc. 201-1, p. 14)(emphasis added).

At the guilty plea hearing, the Court explained the waiver to Movant as follows:

Let me talk with you just a moment, Mr. Cortes-Meza, about your appeal rights. A defendant in a criminal case typically has certain rights to have the decisions that are made in this court reviewed to make sure that those decisions are correct. First, you have a right to file a direct appeal following your conviction to have the court of appeals review your conviction and sentence to make sure they were proper. You also would typically have the right to later file what you may have heard referred to as a habeas corpus petition or a section 2255 motion requesting a review of the decisions to make sure that they were proper. Those are rights that Defendants typically have in criminal cases.

You are not going to have those rights because in your plea agreement you have agreed to give up those rights except in specific circumstances. First, if after I calculate what your sentencing guideline is I decide to give you a sentence that's greater than what the guidelines call for, you would have a right to appeal that. Second, if in calculating your guidelines I decide to give you an enhancement for your role in the offense, what that means is to make you have a greater sentence, a longer sentence because of the role

5

> that you played in this conspiracy, you would have a right to appeal that. And finally, if the government files an appeal, you would have the right to raise issues on appeal, as well.
>
> Aside from those three instances, you will have no right for any review of any decision that I make in your case. Do you understand that?

(Doc. 276 at 19-20). Movant answered that he understood the appeal waiver. (*Id.*). The Court then addressed defense counsel and asked if he had talked with Movant about his appeal waiver and if defense counsel believed that Movant understood the waiver. Defense counsel responded, "Extensively, yes." (*Id.* at 20-21).

In addition to discussing the appeal waiver, the Court also determined that Movant understood his potential sentence and that the court was not bound by the government's recommendations. (Doc. 276 at 14). The Court explained to Movant that he could face a sentence of up to life in prison and that there was a mandatory minimum term of imprisonment of ten years. (Doc. 276 at 19). The Court further noted that it could impose a sentence that was greater or less than what the guidelines call for. (*Id.*). Movant responded that he understood the rules that governed his sentencing.

The Court questioned Movant regarding the voluntariness of his guilty plea, and Movant stated that he had not been threatened or forced into pleading guilty and that he was pleading guilty by his own free will. (Doc. 276 at 14). Movant also stated that he had sufficient opportunity to talk to his counsel about the case and have his questions

6

answered and that he was satisfied with his lawyer's representation. (Doc. 276 at 21). Movant's counsel advised that he knew of no reason why the guilty plea would not be valid if accepted. (*Id.* at 22). The Court accepted the guilty plea, specifically finding that the plea was "voluntarily made." (*Id.*).

Here, the above-quoted portions of the plea agreement and the record show that, under the applicable standards, Movant knowingly waived his right to collaterally challenge his sentence. Moreover, on direct appeal, the Eleventh Circuit found Movant's appeal waiver was enforceable. (Doc. 362 at 22-25).

When a movant challenges the constitutionality of his conviction or sentence after having waived the right to do so in a plea agreement, "the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver." *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). Finding that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing" the Eleventh Circuit opined that to hold otherwise would "permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective

7

assistance, thus rendering the waiver meaningless." *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir.), *cert. denied*, 546 U.S. 902 (2005).

Here, Movant's claims are that his counsel: (1) failed to object to the increased sentence/upward variance; (2) failed to investigate witnesses; and (3) failed to inform him of an earlier plea offer. These claims do not relate directly to the negotiation of his waiver, and are therefore barred by the waiver in Movant's plea agreement.[1]

### B. Movant's claim that his counsel failed to inform him of an earlier plea offer is untimely.

In his motion filed on July 11, 2012, Movant claims for the first time that his counsel failed to present him with a plea offer from the Government, which he would have accepted and which would have resulted in a much lower sentence. (Doc. 427). Movant provides no details about the terms of the purported earlier plea offer, when it was offered, or how and when he learned of its existence. In *Missouri v. Frye*, 132 S. Ct. 1399, 1408 (2012), the Supreme Court held that counsel has a "duty to communicate formal offers from the prosecution to accept a plea," and that, in general, where such an offer is not communicated to the defendant, counsel does not render effective assistance.

---

[1]The Government's response also addressed the merits and convincingly shows that even if not barred, these claims do not have merit. (Doc. 409 at 8-9)

8

Even if Movant's claim that counsel failed to inform him of an earlier plea offer is not barred by his appeal waiver, it is barred by the statute of limitations. A § 2255 motion is subject to a one-year statute of limitations that runs from the latest of,

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

When a § 2255 movant seeks to amend and his new claim is untimely under § 2255(f), it is barred unless it relates back to his timely filed § 2255 motion. *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000). "[I]n order to relate back, the untimely claim must have arisen from the 'same set of facts' as the timely filed claim, not from separate conduct or a separate occurrence in 'both time and type.'" *Id.* (stating "the untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings"). New specific claims of ineffective assistance of counsel do not relate back to an original

9

general claim of ineffective assistance of counsel. *Moss v. United States,* No. CV497-108, 2007 WL 80873, at *3 n.5 (S.D. Ga. Jan. 8, 2007).

Here, Movant's *Missouri v. Frye* claim is not timely under § 2255(f)(1). It was filed on July 11, 2012, more than one year after Movant's conviction became final on June 17, 2011, when the Supreme Court denied certiorari. (Doc. 400). Also, it is a new, specific claim of ineffective assistance of counsel that is different from his original claims of ineffective assistance of counsel.

Moroever, *Missouri v. Frye* is not retroactively applicable to cases on collateral review. *In re Perez*, 682 F.3d 930 (11th Cir. 2012). Therefore, its holding does not trigger a new limitations period under § 2255 (f)(3), and Movant's claim is untimely. *Id.*

## III. **CERTIFICATE OF APPEALABILITY**

According to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive

procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Movant has failed to make a substantial showing of the denial of a constitutional right. Movant waived his right to file a § 2255 motion, and his claims of ineffective assistance of counsel are precluded by that waiver. Accordingly, **I RECOMMEND** that a certificate of appealability be **DENIED**.

## IV. CONCLUSION

Based on the foregoing, **I RECOMMEND** that Movant's motion to vacate sentence (Doc. 404) and Motion to alter or amend judgment or motion to vacate sentence § 2255 (Doc. 427) be **DENIED.**

**IT IS FURTHER RECOMMENDED** that a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO RECOMMENDED**, this 15th day of August, 2012.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

11